## Commonwealth v. Moore.

*Securities Act of June 14, 1923—Pennsylvania Constitution, art. iii, sect. 7 —Constitution, U. S., art. i, sect. 10, and the 14th Amendment—Police power.*

1. The Securities Act of June 14, 1923, P. L. 779, is a valid exercise of the police power.

2. Neither article i, section 10 of the Federal Constitution, which forbids any state to pass any law impairing the obligation of contracts, nor the 14th Amendment interferes with the proper exercise of the police power of the several states.

3. The act, in designating who, as a dealer, may sell stocks, bonds and other securities, does not employ such unreasonable classification as to make it special legislation regulating trade, in violation of article iii, section 7, of the State Constitution.

4. A sale, or other dealing in securities by an unregistered dealer after the act went into effect, is a violation of its provisions, and the dealer is not entitled to any notice from the commissioner that he must obey the law.

Motion in arrest of judgment. Q. S. Phila. Co., April Sess., 1924, No. 476.

*Edwin M. Abbott,* for defendant and motion.

*Lemuel B. Schofield,* Assistant District Attorney, for Commonwealth, contra.

BARNETT, P. J., 41st judicial district, specially presiding, March 9, 1925.— The defendant was found guilty of violating the 22nd section of the Securities Act, approved June 14, 1923, P. L. 779, by dealing in securities without hav-

ing been registered as required thereby, and has filed a motion in arrest of judgment, alleging that the act is unconstitutional.

In the brief of argument for the defendant the following are stated as the questions involved:

1. There is no notice in the act relating to going-concerns of long standing and of considerable and valuable interests as to what they must do with their business during the pendency of an application for registration with the Commissioner of Banking.

2. That the said act is confiscatory, in that it deprives the defendant, or the corporation of which he was a member, of their property and business without due process of law, contrary to the 14th Amendment to the Constitution of the United States.

3. That the act is unconstitutional because the subject-matter of the act does not apply to all dealers in all securities, and thus becomes class legislation, contrary to article III, section 7, of the Constitution of Pennsylvania.

4. Because the classification is unnecessary.

5. Because the classification is unreasonable.

6. Because the classification is multifarious and unnecessarily extended.

7. Because the classification is based on arbitrary and not material or real distinction.

8. That the act impairs the obligation of contracts in violation of article I, section 10, of the Constitution of the United States.

9. That the evidence shows conclusively that there was no sale of securities or purchase of the same after the notice to discontinue its business was served upon the defendant corporation by the Commissioner of Banking.

The criticism of the act contained in the first question is not well founded. Section 3 of the act forbids the transaction of business until registration has been effected. The act apparently contemplates a prompt registration, involving no material interruption of the business of a going-concern "of good repute," and if, for any reason, the final disposition of the application is delayed, the 7th section provides that "the commissioner may, for special cause shown, grant temporary permission . . . to transact business as a dealer under the act." The defendant made no application for such temporary permission to transact business, probably for the same reason that prevented his producing his books at the office of the Bureau of Securities at any time when so required.

The purpose of the Securities Act is to regulate the business of dealing in stocks, bonds and other securities defined therein for the protection of the public against fraud. It is a police regulation of the same general class with statutes regulating the practice of the professions, the business of insurance, peddling, ticket selling, etc., which have been from time to time sustained as valid exercises of the police power of the State. "The 14th Amendment to the Constitution of the United States does not interfere with the proper exercise of the police power of the several states. Accordingly, the provisions of this amendment prohibiting any state from depriving any person of life, liberty or property without due process of law do not operate as a limitation upon the police power of the state to pass and enforce such laws as, in its judgment, will inure to the health, morals and general welfare of the people; nor do they prevent legislation intended to regulate useful occupations which, because of their nature or location, may prove injurious or offensive to the public:" 6 Ruling Case Law, 197, 198. The provisions of the act are not unreasonable and afford the applicant for registration full opportunity for hearing before the Commissioner of Banking (sections 5, 7 and 8) ; the deci-

sions of the commissioner must be in writing and must state the grounds on which they are made (section 18) ; and any applicant aggrieved thereby has the right of appeal to the courts (section 19). We find no merit in the complaint contained in the second question.

The third question suggests that the act is in violation of article III, section 7, of the State Constitution, and the fourth, fifth, sixth and seventh questions offer reasons for so holding. The contrary has been held by the Court of Common Pleas of Dauphin County in Phillips v. Cameron, 27 Dauphin Co. Reps. 204, and by the Supreme Court in N. R. Bagley Co., Inc., v. Cameron, 282 Pa. 84. With respect to the classification, against which these points are directed, the Supreme Court in the latter case say: "It may be, though we do not so decide, that some of the twelve exceptions above referred to will fall when directly attacked in a proper case; but, even should this occur, we are of opinion that the act still could stand as a workable piece of legislation; and, such being the fact, we abide by the legislative declaration (section 34) that it would have been passed without those parts, if any, which later might be declared unconstitutional." Similar legislation in many other states has been sustained over objections on constitutional grounds, as shown by cases cited in Phillips v. Cameron, 27 Dauphin Co. Reps. 204, and N. R. Bagley Co., Inc., v. Cameron, 282 Pa. 84.

Does the act violate article I, section 10, of the Federal Constitution by impairing the obligation of contracts? When it is considered that the commissioner is authorized to refuse registration only to one who is not of good repute, or whose plan of business is found to be unfair, unjust or inequitable (section 7), it would seem that the impairment of the contracts of such a dealer is scarcely a matter for regret. But this article of the Constitution, like the 14th Amendment thereto, does not interfere with the exercise of the police power. In Manigault v. Springs, 199 U. S. 473, the Supreme Court state: "It is the settled law of this court that the interdiction of statutes impairing the obligation of contracts does not prevent the state from exercising such powers as are vested in it for the promotion of the common weal, or are necessary for the general good of the public, though contracts previously entered into between individuals may thereby be affected. This power, which, in its various ramifications, is known as the police power, is an exercise of the sovereign right of the Government to protect the lives, health, morals, comfort and general welfare of the people, and is paramount to any rights under contracts between individuals. Familiar instances of this are where parties enter into contracts, perfectly lawful at the time, to sell liquor, operate a brewery or distillery, or carry on a lottery, all of which are subject to impairment by a change of policy on the part of the state, prohibiting the establishment or continuance of such traffic; in other words, that parties, by entering into contracts, may not estop the legislature from enacting laws intended for the public good. All contracts, whether made by the state itself, by municipal corporations or by individuals, are subject to be interfered with, or otherwise affected by, subsequent statutes enacted in the bona fide exercise of the police power, and do not, by reason of the contracts clause of the Constitution, enjoy any immunity from such legislation. . . . This rule is not only reasonable, but necessary, as a contrary rule would enable individuals, by their contracts, to deprive the state of its sovereign power to enact laws for the public welfare:" 12 Corpus Juris, 991, § 603; 6 Ruling Case Law, 199, § 195; Phillips v. Cameron, 27 Dauphin Co. Reps. 204.

Assuming the truth of the fact stated in the ninth question, the defendant is, nevertheless, guilty under the indictment. A sale or otherwise dealing in

securities by an unregistered dealer after the act went into effect is a violation of the provisions of the act, and the dealer is not entitled to any notice from the commissioner that he must obey the law.

And now, March 9, 1925, the motion in arrest of judgment is overruled, and the defendant is ordered to appear in court for sentence at such time as he may be notified by the district attorney so to do.

The defendant excepts and at his instance a bill is sealed.